Filed 9/24/25  P. v. Thibodeaux CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B343444 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA070962)) |
| v. | |
| RAKYM YANELL THIBODEAUX, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Rakym Yanell Thibodeaux (defendant) appeals from the denial of his third petition for vacatur of his murder conviction and resentencing under Penal Code[1] section 1172.6.  Defendant contends his "conviction was entered under now-invalid legal theories and was further tainted

---

[1]    All further unattributed code sections are to the Penal Code unless otherwise stated.

by prosecutorial misconduct [and] judicial bias." Defendant's appointed counsel identified no arguable issues and filed a brief requesting we exercise our discretion to conduct an independent review of the record as set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We have considered defendant's supplemental brief and reviewed the record. Finding no merit to defendant's appeal, we affirm the judgment.

## BACKGROUND[2]

On April 16, 2019, a jury found defendant guilty of second degree murder, also finding defendant personally and intentionally discharged a firearm causing great bodily injury and death to the victim. On June 24, 2019, the trial court denied defendant's motion for new trial and sentenced him to 15 years to life in prison, plus 20 years pursuant to section 12022.53, subdivision (c). The judgment was affirmed in *People v. Thibodeaux* (Jan. 8, 2021, B299468) (nonpub. opn.) (*Thibodeaux I*). A petition for review by the California Supreme Court was denied on March 17, 2021. (*People v. Thibodeaux* (Mar. 17, 2021, S267055).)

On May 10, 2022, defendant filed his first petition to vacate his murder conviction and for resentencing under section 1172.6, which provides a procedure for persons convicted of murder to obtain retroactive relief if they could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) A petition for such relief may be filed by those who were not the actual killer, did not

---

[2] The background is taken in large part from our opinion affirming the denial of defendant's second section 1172.6 petition in *People v. Thibodeaux* (May 14, 2025, B341332) (nonpub. opn.).

act with the intent to kill, or were not a major participant in the underlying felony who acted with reckless indifference to human life.  (See Senate Bill No. 1437 (2017-2018 Reg. Sess.); Stats. 2018, ch. 1015, § 1, subd. (f).)

The trial court denied defendant's first petition upon finding the record of conviction conclusively showed defendant was the actual killer and thus had not made a prima facie showing of eligibility.  The court explained to defendant that he was convicted as the actual killer and not under the now-invalid natural and probable consequences theory.  We affirmed the order of denial in *People v. Thibodeaux* (Aug. 9, 2023, B324753) (nonpub. opn.) (*Thibodeaux II*).

On July 11, 2024, the trial court received a motion with exhibit 138; to vacate defendant's murder conviction and resentence him pursuant to section 1172.6 which the trial court treated as a section 1172.6 petition.  The court found the petition addressed the same issues as the previous section 1172.6 petition which had been denied and affirmed on appeal.  On August 23, 2024, the trial court, again ruling defendant had not made a prima facie showing of eligibility, denied the petition.  We affirmed the order of denial in *People v. Thibodeaux* (May 14, 2025, B341332) (nonpub. opn.) (*Thibodeaux III*).  A petition for review in the California Supreme Court was denied on July 30, 2025.  (*People v. Thibodeaux* (Jul. 30, 2025, S291574).)

On November 19, 2024, while his appeal in *Thibodeaux III* was pending in this court, defendant filed his third petition for resentencing pursuant to section 1172.6.  In it, he argued that "[t]he trial court erred by denying [his] first petition for resentencing without conducting an evidentiary hearing[, and] . . . by misallocating the burden of proof to [defendant] instead of the prosecution[, and] . . . by denying [defendant's]

3

second petition without appointing counsel."[3]  On January 2, 2025, the trial court summarily denied defendant's petition because "[d]efendant's motion was already heard [and denied] in a hearing in 2022"; the denial was affirmed on appeal in *Thibodeaux II,* and "defendant is not entitled to readdress issues that have already been decided" and affirmed on appeal.

Defendant filed a timely notice of appeal from the order of denial.

## DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.)  However, even if we do not independently review the record to identify unraised issues in a case, we give the defendant the opportunity to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised.  (See *id*. at p. 232.)

Counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief.  We notified defendant of counsel's brief and gave defendant 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments he wished to be

---

[3]  Defendant does not make these arguments in the instant appeal; however, we note it is improper to bring a new petition in the trial court to allege error in rulings on prior petitions.  The proper avenue of redress is to appeal the trial court's ruling, which defendant has done in both his first and second petitions.  This court has affirmed both denials and, as noted, the California Supreme Court denied review of defendant's second petition denial.

4

considered, and if he did not the appeal would be dismissed. Defendant filed a supplemental brief within the time allowed.

Defendant contends his "jury was instructed on the natural and probable consequences doctrine and an expanded theory of implied malice"; the trial court "improperly engaged in factfinding at the prima facie stage"; the "prosecutor misstated the law regarding implied malice during closing arguments, lessening the burden of proof"; and the sentencing judge "demonstrate[d] actual bias" by referring to him as a "bozo" during sentencing.

Preliminarily, defendant's claims regarding the prosecutor's alleged misstatement of the law and the trial court's reference to defendant as a "bozo" during sentencing are not properly raised before this court in an appeal from the denial of defendant's section 1172.6 petition. These arguments are irrelevant to defendant's eligibility for relief under section 1172.6. Rather, they present issues properly raised on direct appeal. Section 1172.6 is a mechanism to provide relief for murder, attempted murder, or manslaughter convictions that may have been based on now-invalid theories. (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960.)

Turning to defendant's contention that this—his third—section 1172.6 petition was improperly denied because the jury was instructed on the natural and probable consequences doctrine. We disagree. The very question of whether defendant was convicted under a natural and probable consequences theory was addressed in *Thibodeaux II*. (*Thibodeaux II, supra,* at p. 4 ["[S]ection 1172.6 does not provide an actual killer relief from a second degree, implied malice murder conviction that remains a valid theory of murder."].) Defendant has provided no new law or facts to justify entertaining another petition as to this issue. Thus, it is barred as successive. (See *People v. Farfan* (2021) 71

Cal.App.5th 942, 951 [where an otherwise successive petition is "based on new authority which challenged the primary ground for the superior court's summary denial . . . , [it] was not procedurally barred as a successive petition"].)

Finally, defendant avers the trial court engaged in improper factfinding in denying his third petition. Not so. The court summarily denied the petition on the grounds that his previous petitions have been heard and denied and, in essence, there was nothing new to justify the appointment of counsel. We agree.

## DISPOSITION

The order of January 2, 2025, denying the defendant's section 1172.6 petition is affirmed.

LUI, P. J.          CHAVEZ, J.          RICHARDSON, J.

6